# UNITED STATES DISTRICT COURT

## for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Jermaine Wiggins                     Docket No. 5:04-CR-368-1BO

## Petition for Action on Supervised Release

COMES NOW Scott Plaster, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Jermaine Wiggins, who, upon an earlier plea of guilty to Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on September 9, 2005, to the custody of the Bureau of Prisons for a term of 48 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1.    The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2.    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

Jermaine Wiggins was released from custody on April 8, 2009, at which time the term of supervised release commenced.

On November 5, 2009, the court was notified the defendant had been charged with Driving While License Revoked and Operating a Vehicle with an Open Container of Alcohol on July 16, 2009. The charges were discovered during a record check by the probation officer. Mr. Wiggins was reprimanded for his violation conduct, and it was recommended no punitive sanction be imposed at that time. The charges are still pending in state court.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

On August 8, 2010, the defendant was arrested and charged with Driving While Impaired and Driving While License Revoked in Wake County, North Carolina. When questioned by the probation officer, the defendant admitted he had consumed alcohol while attending a party. Mr. Wiggins stated he and his wife left the party, and Wiggins made the decision to drive because his wife had too much to drink and could not drive. Furthermore, Mr. Wiggins stated he did not believe he had consumed too much alcohol prior to getting behind the wheel of the vehicle. Rather than submit to a breath test, a blood sample was obtained from Mr. Wiggins for analysis. While Mr. Wiggins disputes whether or not he was driving while impaired, he acknowledges having a problem with alcohol abuse.

In an effort to afford the defendant every opportunity to obtain treatment for alcohol abuse, while at the same time addressing his violation conduct, we are recommending supervision continue with two modifications. The first modification we are recommending is that the defendant abstain from the use of any alcoholic beverages, including restrictions from associating with individuals consuming alcohol and from frequenting business establishments whose primary product to the consumer is alcoholic beverages. Additionally, it is recommended that Mr. Wiggins not use any medication containing alcohol without the permission of the probation officer or a prescription from a licensed physician. Secondly, we are recommending the defendant adhere to a curfew from 8:00 pm to 6:00 am, unless approved otherwise by the probation officer, for a period not to exceed 60 days. The defendant will be restricted to his residence during the curfew hours, and location monitoring may be used to monitor the defendant's compliance with the curfew. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1.    The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

2.    The defendant shall adhere to a curfew from 8:00 pm to 6:00 am, or as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to his residence during the curfew hours. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the probation officer.

Except as herein modified, the judgment shall remain in full force and effect.


Reviewed and approved,                                 I declare under penalty of perjury that the
                                                       foregoing is true and correct.


 /s/Jeffrey L. Keller                                   /s/Scott Plaster
Jeffrey L. Keller                                      Scott Plaster
Supervising U.S. Probation Officer                     U.S. Probation Officer
                                                       310 New Bern Avenue, Room 610
                                                       Raleigh, NC 27601-1441
                                                       Phone: (919) 861-8660
                                                       Executed On:  August 23, 2010

Jermaine Wiggins
Docket No. 5:04-CR-368-1BO
Petition For Action
Page 3


## ORDER OF COURT

Considered and ordered this ___25___ day of _August_ ___, 2010, and ordered filed and
made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge